ANDREW PECZAR, PETITIONER-RESPONDENT IN CER-
TIORARI, v. RYAN LEATHER COMPANY, RESPONDENT-
PROSECUTOR IN CERTIORARI.

Decided January 18, 1927.

**Workmen's Compensation—Artificial Limbs—Act of 1919 Specifi-
cally Provided For Artificial Limbs, but the Amendment of
1922 Omits Such Specific Language—Held, That the Legis-
lative Purpose was to Eliminate Any and All Provisions For
Them in Later Enactment.**

On *certiorari.*

Before Justices BLACK and CAMPBELL.

For the prosecutor, *Jacob Schneider.*

For the respondent, *Alfred G. Nowakoski.*

PER CURIAM.

This writ brings up for review the judgment of the Essex
County Common Pleas, affirming the judgment of the deputy
commissioner of compensation, requiring the prosecutor to
provide the respondent with an artificial hand for the right
arm, and awarding a counsel fee to his attorney.

In an accident arising out of and in the course of his em-
ployment, respondent lost his right hand at the middle third
of the forearm.

He was awarded for such injury full compensation under
the statute. He then made an application to the compensation
bureau for an order requiring his employer to furnish him
with an artificial hand. Such order was made and, upon
appeal, affirmed by the Essex County Common Pleas Court.

The correctness of the judgment under review depends
upon the construction placed upon paragraph 1, chapter 245,
*Pamph. L.* 1922, amending paragraph 14, chapter 93, *Pamph.
L.* 1919. *Pamph. L.* 1919, *ch.* 93, ¶ 14, specifically provides

for "artificial limb or other mechanical appliances." This language is omitted from the act of 1922 above referred to. The nearest approach thereto is the use of the word "appliances" in the following connection: "* * * unless the injured workman or the physician who treats him or any other person on his behalf shall file a petition with the workmen's compensation bureau stating the need for such physician's or surgeon's services in excess of $50 aforesaid, and such hospital services or *appliances* in excess of $50 as aforesaid, and the workmen's compensation bureau, after investigating the need of the same, and giving the employer an opportunity to be heard, shall determine that such physician's and surgeon's treatment and hospital services are or were necessary, and that the fees for the same are reasonable, and shall make an order requiring the employer to pay for or furnish the same."

In view of the fact that the act of 1919, *supra,* specifically provides for artificial limbs, and its amendment of 1922, *supra,* omits such specific language, leads us to the conclusion that the legislative intent and purpose was to eliminate any and all provision for them in the later enactment.

The judgment under review is therefore reversed.